**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 1225 RAW, INC. | : | |
| 1225 Sansom Street | : | CIVIL ACTION |
| Philadephia, PA 19107 | : | |
| | : | NO: 2:19-cv-00710 |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| SENTINEL INSURANCE | : | |
| COMPANY, LTD | : | |
| One Hartford Plaza | : | |
| Hartford, CT 06155 | : | |

## AMENDED CIVIL ACTION COMPLAINT

Plaintiff, 1225 Raw, Inc. (hereinafter "Raw") files this Civil Action Complaint against Defendant, Sentinel Insurance Company, Ltd. (hereinafter "Sentinel"), as follows:

### I.   THE PARTIES

1.     Plaintiff, Raw is a corporate entity duly organized and existing under the laws of the Commonwealth of Pennsylvania which maintains its principal place of business at the address set forth above.

2.     Defendant, Sentinel is a corporate entity licensed to issue policies of insurance within the Commonwealth of Pennsylvania and maintains its principal place of business for that purpose at the address set forth above.  Sentinel regularly issues policies of insurance within the City and County of Philadelphia.

### II.   JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the parties to this action pursuant to 28 U.S.C. §1331, there being a complete diversity of citizenship between the parties, and the amount in controversy being in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

4.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania since Sentinel regularly conducts business and issues policies within the Eastern District of Pennsylvania and would be subject to personal jurisdiction within the district pursuant to 28 U.S.C. § 1391(d)

**III.    <u>OPERATIVE FACTS</u>**

5.     Defendant, Sentinel's insured premises are located at 1225 Sansom Street, Philadelphia, PA 19107.  A true and correct copy of the declaration page of said policy is attached hereto and incorporated herein as Exhibit "1."

6.     On or about July 2, 2018, while the Policy was in full force and effect, Plaintiff suffered sudden and accidental direct physical loss and damage to the insured premises and the contents thereof, resulting in damage to the insured premises and the contents together with a disruption of the Plaintiff's business activities resulting in a loss of business income in an amount in excess of $75,000.00.

7.     Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiff, at all relevant times, fully complied with all of the terms and conditions required by the Policy.

8.     Defendant, despite demand for benefits under the Policy, has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiff monies owed for the damages suffered as a result of the Loss.

9.     Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the Policy, Plaintiff has suffered loss and damage in an amount, in excess of $75,000.00.

## COUNT I
### In Assumpsit - Breach of Contract

10.    Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

11.    Defendant is obligated by the terms of the contract to indemnify Plaintiff's loss.

12.    Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's Loss, Defendant has not paid to Plaintiff all of the policy benefits to which it is entitled under the Policy and has refused to provide funds sufficient to bring Plaintiff's property to pre-loss condition.

13.    Defendant's denial of coverage was made without a reasonable basis in fact.

14.    Defendant's refusal to indemnify Plaintiff's for their covered loss is a breach of the policy of insurance and a violation of Defendant's covenant of good faith and fair dealing resulting in consequential damages suffered by Plaintiff for an amount, in excess of $75,000.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $75,000.00, together with interest and court costs.

## COUNT II
### In Trespass - 42 Pa.C.S.A. §8371

15.    Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

16.    Defendant has engaged in bad faith conduct toward Plaintiff with respect to its adjustment of Plaintiff's covered Loss, in violation of 42 Pa.C.S.A. §8371 et seq.

17.    In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered Loss, Defendant, acting by and through its duly authorized agents, servants,

workmen or employees, including, but not limited to, William Sullivan, has engaged in the
following conduct:

      a.      by sending correspondence dated August 7, 2018 a true and correct copy
of which is attached hereto, made part thereof, and marked Exhibit "2," falsely
representing that Plaintiff's loss caused by a peril insured under the Policy was not
entitled to benefits due and owing under the Policy;

      b.      in failing to complete a prompt and thorough investigation of Plaintiff's
claim before representing that such claim is not covered under the Policy;

      c.      in failing to pay Plaintiff's covered loss in a prompt and timely manner;

      d.      in failing to objectively and fairly evaluate Plaintiff's claim;

      e.      in conducting an unfair and unreasonable investigation of Plaintiff's
claim;

      f.      in asserting Policy defenses without a reasonable basis in fact;

      g.      in flatly misrepresenting pertinent facts or policy provisions relating to
coverages at issue and placing unduly restrictive interpretations on the Policy and/or
claim forms;

      h.      in failing to keep Plaintiff or its representatives fairly and adequately
advised as to the status of the claim;

      i.      in unreasonably valuing the loss and failing to fairly negotiate the amount
of the loss with Plaintiff or its representatives;

      j.      in failing to promptly provide a reasonable factual explanation of the basis
for the denial of Plaintiff's claim;

      k.      in unreasonably withholding policy benefits;

l.     in acting unreasonably and unfairly in response to Plaintiff's claim;

m.     in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

18.     For the reasons set forth above, Defendant has acted in bad faith in violation of 42 Pa.C.S.A. §8371, for which Defendant is liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages, and such other compensatory and/or consequential damages as are permitted by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $75,000.00, together with interest, court costs, counsel fees and damages for delay.

WHEELER, DiULIO & BARNABEI, P.C.

BY:      */s/ Jonathan Wheeler*
          JONATHAN WHEELER, ESQUIRE
          Attorney I.D. No.: 12649
          One Penn Center - Suite 1270
          1617 JFK Boulevard
          Philadelphia, PA 19103
          (215) 568-2900
          *Attorney for Plaintiff*

Dated: March 19, 2019

EXHIBIT "1"

04
56
UQ
SBA

This **Spectrum Policy** consists of the Declarations, Coverage Forms, Common Policy Conditions and any other Forms and Endorsements issued to be a part of the Policy. This insurance is provided by the stock insurance company of The Hartford Insurance Group shown below.

**INSURER:**   SENTINEL INSURANCE COMPANY, LIMITED
                       ONE HARTFORD PLAZA, HARTFORD, CT 06155
COMPANY CODE: A

**Policy Number:**  39 SBA UQ5604   SB

THE
HARTFORD

## SPECTRUM POLICY DECLARATIONS

**Named Insured and Mailing Address:**          1225 RAW INC
(No., Street, Town, State, Zip Code)

                                                                        1225 SANSOM ST
                                                                        PHILADELPHIA          PA    19107

**Policy Period:**              **From**      05/25/18      **To**      05/25/19      1      **YEAR**
12:01 a.m., Standard time at your mailing address shown above. **Exception:** 12 noon in New Hampshire.

**Name of Agent/Broker:** CHARLIE KIM FINANCIAL INC
**Code:**  427569

**Previous Policy Number:** 39 SBA UQ5604

**Named Insured Is:** CORPORATION

**Audit Period:** ANNUAL

**Type of Property Coverage:** SPECIAL

**Insurance Provided:** In return for the payment of the premium and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy.

**TOTAL ANNUAL PREMIUM IS:**                  $14,363

Countersigned by

*Susan L. Castaneda*

Authorized Representative

03/13/18
Date

000002 10/89

EXHIBIT "2"



THE HARTFORD
COMMERCIAL PROPERTY CENTER
PO BOX 14261
LEXINGTON KY 40512

August 7, 2018

**THE HARTFORD**

WHEELER DIULIO & BARNABEI
1617 JOHN F KENNEDY BLVD STE 1270
PHILADELPHIA PA 19103

Re:  Insured:        1225 RAW INC
     Claimant:       1225 RAW INC
     Date of Loss:   July 2, 2018
     Policy Number:  39SBAUQ5604
     Event Number:   CP0017944835
     Claim Number:   Y50 F 88585

Dear Mr. Wheeler,

This letter will serve to confirm your letter of representation dated July 19, 2018.  Pursuant to your request, we have attached a certified copy of the insured's policy for your review.

On 7/3/18, The Philadelphia Water Department's website confirms a 48" cast iron water main installed in 1927 broke at approximately 4 a.m. on the corner of Jupiter & Sansom Street. Between 14-15 million gallons of water discharged and affected 30-40 properties in the area.

As a result of this water main break, the insured reported flooding to the basement and a utility outage at their leased scheduled premises located at 1225 Sansom St. Philadelphia, PA 19107 under commercial property policy 39 SBA UQ5604, effective 5/25/18 to 5/25/19 for damage to tenant improvements, business personal property and income loss due to the water damage as well as resulting utility outages.

Based on the facts and circumstances outlined above and  our review of the referenced policy with Sentinel Insurance Company, unfortunately we regret to inform you that the damage claimed as a result of this I loss is not covered by the policy as this loss was not caused by a covered cause of loss. The water that escaped the broken water main would be considered surface water, which  is specifically excluded under the Special Property Coverage Form SS 00 07 07 05.  Pertinent portions of the policy are outlined below.

**A. COVERAGE**
We will pay for direct physical loss of or direct physical damage to Covered Property at the premises described in the Declarations (also called "scheduled premises" in this policy) caused by or resulting from a Covered Cause of Loss.
**1. Covered Property**
Covered Property as used in this policy, means the following types of property for which a Limit of Insurance is shown in the Declarations:
     **a. Buildings,** meaning only building(s) and structure(s) described in the Declarations.

PT00019

  **b. Business Personal Property** located in or on the building(s) described in the Declarations at the "scheduled premises" or in the open (or in a vehicle) within 1,000 feet of the "scheduled premises", including:
  **(1)** Property you own that is used in your business;
  **(2)** Tools and equipment owned by your employees, which are used in your business operations;
  **(3)** Property of others in your care, custody and control;
  **(4)** "Tenant Improvements and Betterments";
  **(5)** Leased personal property for which you have contractual responsibility to insure, unless otherwise provided for under Personal Property of Others.

### 4. Limitations
  **a.** We will not pay for direct loss of or damage to:
  **(3)** The interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
  **(a)** The building or structure first sustains physical damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters."

### 5. Additional Coverages
### o. Business Income
  **(1)** We will pay for the actual loss of Business Income you sustain due to the necessary suspension of "operations" during the "period of restoration". The suspension must be caused by directly physical loss of or physical damage to property at the "scheduled premises", including personal property in the open (or in a vehicle) within 1,000 feet if the "scheduled premises", caused by or resulting from a Covered Cause of Loss.

We also verified that there was no Civil Authority order in place due to this incident.

  **q. Civil Authority**
  **(1)** This insurance is extended to apply to the actual loss of Business Income you sustain when access to your "scheduled premises" is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your "scheduled premises".
  **(2)** The coverage for Business Income will begin 72 hours after the order of a civil authority and coverage will end at the earlier of:
    **(a)** When access is permitted to your "scheduled premises"; or
    **(b)** 30 consecutive days after the order of civil authority.

### B. EXCLUSIONS
  **1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
  **f. Water**
  **(1)** Flood, including the accumulation of surface water, waves, tides, tidal waves, overflow of streams or any other bodies of water, or their spray, all whether driven by wind or not;
  **(2)** Mudslide or mud flow;
  **(3)** Water that backs up from a sewer or drain; or
  **(4)** Water under the ground surface pressing on, or flowing or seeping through:
    **(a)** Foundations, walls, floors or paved surfaces;
    **(b)** Basements, whether paved or not; or
    **(c)** Doors, windows or other openings.
  But if loss or damage by fire, explosion or sprinkler leakage results, we will pay  for that resulting physical loss or physical damage.

2. We will not pay for physical loss or physical damage caused by or resulting from:
   c. Miscellaneous Types of Loss:
     (1) Wear and tear;
     (2) Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any
        quality in property that causes it to damage or destroy itself.
     (4) Settling, cracking, shrinking or expansion.

3. We will not pay for loss or damage caused by or resulting from any of the following.
   But, if physical loss or physical damage by a Covered Cause of Loss results, we will
   pay for that resulting physical loss or physical damage.
   c. Negligent Work: Faulty, inadequate or defective:
     (1) Planning, zoning, development, surveying, siting;
     (2) Design, specifications, workmanship, repair, construction, renovation,
        remodeling, grading, compaction;
     (3) Materials used in repair, construction, renovation or remodeling.
     (4) Maintenance of part or all of any property on or off the "scheduled premises".

## E. PROPERTY LOSS CONDITIONS
4. **Legal Action Against Us**
   No one may bring a legal action against us under this insurance unless:
   a. There has been full compliance with all of the terms of this insurance; and
   b. The action is brought within 2 years after the date on which the direct physical loss
     or physical damage occurred.

## G. PROPERTY DEFINITIONS
21. "Tenant Improvements and Betterments" means fixtures, alterations, installations or
   additions made a part of the Building you occupy but do not own and that you cannot
   legally remove; and
   a. Which are made at your expense; or
   b. That you acquired from the prior tenant at your expense.

We also reviewed your Restaurant Stretch SS 04 11 09 07, however, the terms and conditions of the Special Property Form outlined above would also apply to Additional Coverages within the Restaurant Stretch endorsement thus no Additional Coverages within the Stretch endorsement would be extended. .

Except as otherwise stated in this endorsement, the terms and conditions of the policy apply to the insurance stated below.
A. The following changes apply to the Standard Property Coverage Form, Additional Coverages,
   A.4., or to the Special Property Coverage Form, Additional Coverages, A.5.:

18. **Sewer and Drain Back Up**
   The following Additional Coverage is added:
   We will pay for direct physical loss or physical damage to Covered Property solely caused by water that
   backs up from a sewer or drain.
   This coverage is included within the Covered Property Limits of Insurance.
   **THIS IS NOT FLOOD INSURANCE**
   We will not pay for water or other materials that back up from any sewer or drain when it is caused by
   any flood. This applies regardless of the proximity of the flood to Covered Property.  Flood includes the
   accumulation of surface water, waves, tides, tidal waves, overflow of streams or other bodies of water,
   or their spray, all whether driven by wind or not that enters the sewer or drain system.

19. **Sump Overflow or Sump Pump** [FNC(aPC)]
   The following Additional Coverage is added:

PT00019

The maximum we will pay in any one occurrence is $15,000 for any loss, including Business Income or Extra Expense, resulting from physical loss or physical damage to Covered Property that is caused by or resulting from water that overflows due to the failure of a sump pump, sump pump well, or any other type of system designed to remove subsurface water from the foundation area if the failure is directly or indirectly the result of a Covered Cause of Loss. Failure means an abrupt cessation of normal functioning. This Limit of Insurance is
the maximum we will pay regardless of any other coverage provided under this policy.
This Additional Coverage is subject to the terms and conditions of this policy with the exception of:
**a.** Paragraph **B.1.f.**, Power Failure, of the Standard Property Coverage Form and Paragraph **B.1.d.**, Power Failure, of the Special Property Coverage Form; and
**b.** Paragraph **B.1.h.(4)**, Water, of the Standard Property Coverage Form and Paragraph **B.1.f.(4)**, Water, of the Special Property Coverage Form.
**THIS IS NOT FLOOD INSURANCE**
We will not pay for water or other materials that overflow from a sump when the overflow is caused by any flood. This applies regardless of
the proximity of the flood to Covered Property. Flood includes the accumulation of surface water, waves, tides, tidal waves, overflow of
    streams or other bodies of water, or their spray, all whether driven by wind or not that enters the sewer or drain system.

    **21. Tenant Building and Business Personal Property Coverage - Required by Lease**
        The following Additional Coverage is added:
        The maximum we will pay in any one occurrence is $20,000 as a Limit of Insurance
        to apply to direct physical loss of or physical damage to Building and Business
        Personal Property for which you have a contractual responsibility to insure. This
        includes building fixtures, machinery and equipment.

**C.** The following changes apply only if Business Income and Extra Expenses are covered under this policy. These changes apply to the Standard Property Coverage Form, Additional Coverages, **A.4.**, or to the Special Property Coverage Form, Additional Coverages, **A.5.**:
    **1. Business Income Extension for Off-Premises Utility Services**
        The following Additional Coverage is added:
        We will pay up to $25,000 in any one occurrence as a Limit of Insurance to apply at
        each "scheduled premises" to cover loss of Business Income and Extra Expense
        caused by or resulting from the interruption of utility services. This Limit of Insurance
        is in addition to any other Limit of Insurance that may be provided by this policy for this
        coverage.
        This Additional Coverage is subject to the provisions of Business Income Extension
        for Off Premises Utility Services Form SS04 19, with the exception of the Limit of     Insurance provision
        contained in that form.  Business Income Extension for Off-Premises Utility Services, Form SS04 19 is
        made a part of this policy whether or not Business Income Extension for Off-Premises Utility Services
        coverage is indicated in the Declarations.

Because the cause of the loss is specifically excluded and no other Additonal Coverage under this policy could respond to this loss, we will be unable to provide coverage for any damage reported due to this event.  However, if any additional information is discovered, please forward this information for our review.

In citing the policy provisions, exclusionary language, and insuring agreement, Sentinel Insurance Company, in no way, wish to alter or change the meaning or intent of the policy.  Moreover, we do not wish to waive any other policy defenses, which may be available to us. Should you have any additional information you feel may alter our position or determination to date, please advise us. We reserve the right to amend and/or cite other policy provisions should new evidence be submitted.

PT00019

)

Sincerely,

*William Sullivan*

William Sullivan
Claim Representative
Phone: (800) 236 - 0398 Ext. 2303832
Fax: (866) 809 - 0964
William.Sullivan@thehartford.com

Writing Company Name: Sentinel Insurance Company, Ltd.

CC: National Public Adjusters, Inc., CHARLIE KIM FINANCIAL INC via U.S.Mail

Enclosures:

000002 4/88

EXHIBIT "3"

From: Tony Rim <t.rim@pwcgrouplex.net>
To: nycpcalis@crowndi.net
Cc:
Subject: PwC Claim: CP901794835 -

Sent: Wed 7/11/2018 2:50 PM

**THE HARTFORD**

Claimant:
Event Number: CP901794835
Date of Loss: Jul 02, 2018

Dear Tony Rim,

As we discussed today, your policy provides coverage for damages resulting from a water main break. Please contact me with any questions or concerns. Thanks!

Sincerely,
William Sullivan
Claim Representative
Phone: 860.236.0398 x2903832
Fax: 866-800-0964
William.Sullivan@thehartford.com

Privacy Policy | Terms of Use | Contact Us | Update Preferences

This communication was sent to Tony Rim via Email

For your protection, Pennsylvania State requires that the following statement appear on this letter. Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act.

There are no items to show in this view.

1:17 AM
7/11/2018